**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____X

 RUNWAY TOWING CORP.,

                                    Plaintiff,                    Docket No.:

           - against -                                           **COMPLAINT**

MICHAEL MAZZIO, MIKE'S HEAVY DUTY TOWING,
INC., ERIC ULRICH, THE NEW YORK CITY DEPARTMENT
OF CONSUMER AND WORKER PROTECTION, VILDA VERA
MAYUGA, AS COMMISSIONER OF THE NEW YORK CITY
DEPARTMENT OF CONSUMER AND WORKER PROTECTION,
AND THE CITY OF NEW YORK,

                                    Defendants.
_____X

           Plaintiff, RUNWAY TOWING CORP., alleges as follows for its Complaint against

Defendants. These allegations are made on information and belief and pursuant to the

investigation, the indictments of Michael Mazzio and Eric Ulrich for bribery and corruption.

## <u>NATURE OF THE ACTION</u>

1.      Plaintiff demands a jury trial.

2.      This is an action seeking nine (9) claims for relief as follows:

      A.  First Cause of Action - Claim for relief for tortious interference against Michael

Mazzio, Mike's Heavy Duty Towing, Inc., and Eric Ulrich.

      B.  Second Cause of Action - Claim for relief for Interference with Prospective

Economic Advantage against Michael Mazzio, Mike's Heavy Duty Towing, Inc., and Eric Ulrich.

      C.  Third Cause of Action - Claim for relief for Negligence, against The New York

City Department of Consumer and Worker Protection, Villa Vera Mayuga, as Commissioner of

the New York City Department of Consumer and Worker Protection and The City of New York.

D.  Fourth Cause of Action - Claim for Defamation, against Michael Mazzio, Mike's Heavy Duty Towing, Inc., and Eric Ulrich.

E.  Fifth Cause of Action - Claim relief for violation of Civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et. seq., ("RICO") violation of 18 U.S.C. 1962(c) against Michael Mazzio, Mike's Heavy Duty Towing, Inc., and Eric Ulrich.

F.  Sixth Cause of Action - Claim for relief pursuant to Civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et. seq. ("RICO") violation of 18 U.S.C. § 1962(a) and 18 U.S.C. § 1962(c), against Michael Mazzio, Mike's Heavy Duty Towing, Inc., and Eric Ulrich.

G.  Seventh Cause of Action – Claim for relief for violation of Civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et. seq., ("RICO") violation of 18 U.S.C. §1962(d) against Michael Mazzio, Mike's Heavy Duty Towing, Inc., and Eric Ulrich.

H.  Eighth Cause of Action – Claim for Civil Conspiracy against Defendants Michael Mazzio, Mikes Heavy Duty Towing, Inc., Eric Ulrich, The New York City Department of Consumer and Worker Protection, Villa Vera Mayuga, as the Commissioner of the New York City Department of Consumer and Worker Protection and The City of New York.

I.  Ninth Cause of Action – Claim for violation of Civil Rights against the New York City Department of Consumer and Worker Protection, Vilda Vera Mayuga, as Commissioner of the New York City Department of Consumer and Worker Protection and the City of New York under 42 U.S.C. §§ 1983, 1985.

## JURISDICTION AND VENUE

3.    The United States District Court for the Eastern District of New York has jurisdiction over the parties pursuant to Title 28 of the United States Code § 1331, which states

that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, as this is an action alleging violations of 18 U.S.C. § 1961, et. seq. - Civil Racketeer Influenced and Corrupt Organizations Act, ("RICO") and violation of Runway Towing Corp's Civil Rights under 42 U.S.C. §§ 1983 and 1985.

4.     The matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

5.     The United States District Court for the Eastern District Court of New York has venue pursuant to Title 29 of the United States Code § 1391 (b)(1), as Defendants conduct business within and reside within the Eastern District of New York, and the events which are the subject of this action occurred within the Eastern District of New York.

## **PARTIES**

6.     Plaintiff, RUNWAY TOWING CORP., ("Runway") is a corporation, organized and existing under the laws of the State of New York.

7.     Upon information and belief at all times material Defendant MICHAEL MAZZIO ("Mazzio" or "Mike Mazzio") is an individual residing in the State of New York.

8.     Upon information and belief, Defendant MIKE'S HEAVY DUTY TOWING, INC., ("Mike's Towing") is a corporation organized and existing under the laws of the State of New York.

9.     Upon information and belief, Defendant ERIC ULRICH ("Ulrich") is an individual residing in the State of New York.

10.    Upon information and belief, Defendant, THE NEW YORK CITY DEPARTMENT OF CONSUMER AND WORKER PROTECTION ("DCWP") is a New York City agency in charge of issuing tow truck companies operating licenses.

11.     Upon information and belief, Defendant VILLA VERA MAYUGA ("Commissioner Mayuga") is the Commissioner of the New York City Department of Consumer and Worker Protection.

12.     Defendant THE CITY OF NEW YORK ("The City") is a municipal corporation organized and existing under the laws of the State of New York and maintains its principal office in the county of New York.

## NATURE OF THE ACTION

13.     It is a fundamental principle of our justice system that an agency's determination cannot be the product of corruption and if that determination results in damages, a cause of action for damages shall be maintained. As detailed herein, former Commissioner of the Dept. of Buildings, Eric Ulrich took bribes from Michael Mazzio in exchange for helping Mazzio's tow truck company, Mike's Heavy Duty Towing, Inc.,  injure Runway Towing Corp., by getting its license revoked by the Department of Consumer and Worker Protection, so that Michael Mazzio could regain control of the New York City highways. As a result, Runway Towing Corp., was unable to renew its license and lost its business because of the conspiracy and bribery of each of the Defendants resulting in damages.

## THE 2023 INDICTMENTS

14.     This case arises because the Plaintiff's rights have been violated.

15.     On November 3, 2023, the Plaintiff served a Notice of Claim on the Defendant, DCWP by mailing a copy of it to the City Comptroller's office. A copy of the Notice of Claim is attached as Ex. A.

16.     On or about September 13, 2023, N.Y.C. District Attorney, Alvin Bragg, Jr., announced sweeping bribery conspiracy indictments against former Department of Building

Commissioner (DOB) Eric Ulrich, for misusing his authority in every public service position he held, first as a New York City Council member, then as a senior advisor to the Major of New York City, and finally as DOB Commissioner to benefit his friends and associates in exchange for bribes. He is accused of accepting or soliciting more than $150,000 in bribes by monetizing each elected and appointed role he held in the New York City Government to line his pockets. It was also part of this conspiracy for Mazzio to use his access to Ulrich to attempt to obtain exclusive contracts for arterial towing for Mike's Heavy-Duty Towing, Inc., a business operated and controlled by Mazzio, and to attempt to convince Mayor Adams and other high ranking New York City officials to disqualify Runway's existing arterial towing contracts and to discredit it. [1]

17.     The overt acts in Count 1 in the Indictment include:

13. On January 14, 2022, in a telephone conversation, Joseph Livreri told John Doe #1, in sum and substance, that Eric Ulrich had recommended a candidate for "consumers," referring to the vacant position for DCWP Commissioner. John Doe#1 responded, "that's a big deal for Mike [Mazzio]."

14. On January 29, 2022, Joseph Livreri and Michael Mazzio had a series of conversations with each other and with Mayor Adams's Chief Advisor[2] in an attempt to get authorization for Mike's Heavy Duty Towing to tow from New York City's highways during a snowstorm, and to convince Mayor Adams Chief Advisor and other high ranking New York City officials to remove Runway from its arterial towing contract with New York City [3].

18.     In Count 2 of the Indictment, it states:

…by this indictment, accuses the Defendant Michael Mazzio of the crime of BRIBERY IN THE SECOND DEGREE, in violation of Penal Law § 200.03, committed as follows:

The Defendant, in the County of New York and elsewhere, during the period from on or about August 5, 2021, to on or about

---

[1] Mazzio helped raised $140,000 for Adams 2021 Mayoral Campaign.
[2] Mayor Adam's Chief Advisor is Ingrid Lewis Martin.
[3] Mikes Heavy Duty Towing, Inc., received authorization to tow from New York City Highways during a snowstorm. Runway was removed from its arterial towing contract with New York City.

November 1, 2022, conferred, and offered and agreed to confer, a benefit in excess of $5000 upon a public servant upon an agreement and understanding that such public servant's vote, opinion, judgment, action, decision and exercise of discretion as a public servant would thereby be influenced.

19.    In Count 3 of the Indictment, it states:

…by this indictment, further accuses the Defendant Eric Ulrich of the crime of BRIBE RECEIVING IN THE SECOND DEGREE, in violation of Penal Law § 200.11, committed as follows:

The Defendant, in the County of New York and elsewhere, during the period from on or about August 5, 2022, to on or about November 1, 2022, being a public servant, solicited, accepted and agreed to accept a benefit in excess of $5000 from another person upon an agreement and understanding that such public servant's vote opinion, judgment, action, decision and exercise of discretion as a public servant would thereby be influenced.

20.    Counts 4 and 5 of the indictment, expand the scope of this bribery scheme from February 1, 2022, to May 2, 2022, and Ulrich of soliciting such bribes. *See*, Nos. 4 and 5 of the Indictment attached as **Ex B.**

## THE 2018 INDICTMENTS

21.    Mike Mazzio and his towing company, Mike's Towing were previously indicted in 2018 by former District Attorney, Cyrus Vance Jr., for enterprise corruption involving overcharging consumers, businesses, and insurance companies and as a result were kicked off the highways by the New York City Police Department (NYPD). Runway was then awarded those highways by the NYPD which were formally controlled by Mike's Towing.

22.    On February 21, 2018, Manhattan District Attorney, Cyrus Vance Jr., announced the indictment of multiple individuals and companies (including Mike Mazzio and Mike's Towing) for maintaining an unlawful monopoly of the towing industry in New York City through

a series of schemes including insurance fraud, bid rigging, and other crimes. The indictments were for enterprise corruption, schemes to defraud, and conspiracy[4].

23.     At the heart of the indictment, DOI Commissioner Mark Peters stated, "those Defendants exploited the tow truck licensing procedures of New York City to advance their fraud, intentionally fabricating information to the city and corrupting its procedure."

24.     The indicted individuals included Michael Mazzio, Angelo Mazzio, Salvatore Mazzio, and Norman Teitler. The indicted companies included Apple Towing, Inc., and Mike's Heavy Duty Towing Inc., all owned and operated by the Mazzios.

25.     As part of the criminal enterprise, the Defendants established a fraudulent monopoly on towing jobs involving City highways. Under the City's regulations, only the exclusive permit holder is allowed to tow a disabled vehicle from a designated highway segment, the contract is not transferable and sub-contracting is not permitted. However, the Mazzios who controlled the permits for multiple highway segments, sub-contracted collision work to companies controlled by the other indicted Defendants, in exchange for quarterly fees of approximately $20,000 and a portion of the proceeds from resulting insurance claims.

26.     As the alleged crimes were directly related to the towing industry, the NYPD terminated its permits with Mike's Towing and Apple Towing and awarded those segments of the arterial highway program to Runway.

27.     Further to the indictments, the DCWP discovered that Mike's Towing and Apple Towing charged its customers fees in excess of what the law permitted. Based on Mike's Towing illegal conduct repeatedly charging consumers illegal fees and withholding documents, the DCWP denied Mike's Towing's and Apple Towing's application to renew their tow truck licenses.

---

[4] *See*, 2018 Indictments of Mike Mazzio and Mike's Heavy Duty Towing: https://www.nyc.gov/assets/doi/press-releases/2018/feb/22118TowTrucksSCARelease.pdf

28.    Further to its criminal enterprise, and in an effort to regain control of the highways, Mike Mazzio through his attorneys, sought to weaponize the judicial system by filing three meritless RICO claims against Runway. The last claim[5] was a 158-page RICO claim that the Court dismissed as "*without merit*".  Attached as **Ex. C** is a true copy of the Decision and Order from Hon. Lebovits, entered in the New York County Clerk's office on June 16, 2023.

29.    On October 2, 2023, Mazzio pled guilty to charges stemming from the 2018 indictment involving municipal contract and bid rigging charges.

30.    Even though Mazzio pled guilty to criminal charges stemming from his 2018 indictment, he still engaged in criminal activity thereafter, to support his criminal enterprise and to injure Runway Towing as more particularly described herein.

31.    As of this date, even though Mazzio and Mike's Towing have been indicted twice, Mike's Towing still has a DCWP tow truck operator license.

32.    In 2020, the DCWP attempted to revoke Mazzio's license and in the course of that proceeding[6], Mazzio's attorneys sought to justify his conduct of overcharging by improperly claiming Runway overcharges consumers as well and should not have a license. Thereafter, as a result of Mazzio's actions, the DCWP issued an investigatory subpoena to Runway that resulted in the non-renewal of Runway's license. Runway then brought an Article 78 proceeding which annulled the DCWP's determination of non-renewal and remanded the matter to the DCWP for appropriate penalties. The DCWP later reversed that decision on appeal. Based upon Mazzio's and Ulrich's unlawful conduct, the DCWP refused to consider appropriate penalties even though a

---

[5] *See, Bavaro et al, v. Runway Towing et al, - Index No. 653444/2022*
[6] See, *Mike's Heavy Duty Towing, Inc. v. The New York City Department of Consumer and Worker Protection* - Index No. 513060/2020.

Manhattan Judge ruled the City agency's decision not to renew was, "*too harsh*" and "*shockingly grave in its consequences*."

## **BACKGROUND**

33.     The case arises because the Plaintiff's rights have been violated by the Defendants' actions in an effort to discredit it and to create a monopoly for towing vehicles on New York City Highways. The Defendants used unlawful means to attempt to monopolize the towing industry including bid rigging, bribery, filing false complaints, filing false lawsuits, corrupting public officials, interfering with Plaintiff's contracts, inducing the DCWP through improper means to investigate and revoke Runway's license, violating Plaintiff's civil rights, even contributing $140,000 to Mayor Adams' campaign fund so that they could obtain favors from the Mayor's office.

34.     Runway was founded in 2004 and began operating under a Department of Consumer Affairs (DCA) license No 1196757, with four medallions for towing and storing for the Direct Accident Response Program (DARP) and Rotation Program (ROTOW), as well as servicing John F. Kennedy International Airport (JFK) and La Guardia International Airport (LaGuardia). A DCWP operating license is required in order to participate in these programs.

35.     Runway's operations grew and on April 1, 2018, Runway was awarded a three (3) year permit extension through March 31, 2021, to provide exclusive towing services on seven (7) Arterial Highways in New York City.

36.     The seven (7) arterial highways serviced by Runway include: (1) Brooklyn Queens Expressway, from the Queen's side of the  Kosciuszko Bridge to Clinton Street, in Brooklyn; (2) the Cross-Island Parkway (entire Cross-Island Parkway) in Queens; (3) the Gowanus Expressway and Prospect Expressway in Brooklyn; (4) the Belt Parkway(5) the Belt Parkway from Rockaway

Parkway in Brooklyn to the Laurelton Parkway and Conduit Express and Queens Nassau Expressway in Queens (5) the entire Staten Island Expressway and West Shore Expressway in Staten Island and (7) Richmond Parkway and Dr. Martin King Jr Expressway in Staten Island ("Arterial Highways").

37.     Upon information and belief, since at least February 2018, each of the Defendants engaged in a conspiracy and pattern of illegal conduct to gain favors from the former Mayor's office and from the Adams administration hoping to discredit and remove Runway from the highways, so that Mazzio could regain control of the highways for Mazzio's trucking company, Mike's Towing.

38.     On or about January 2021, the Plaintiff's renewal license was denied by the Defendant DCWP based on numerous alleged *de minimus* violations of law and rules governing tow truck companies after the DCWP issued an investigatory subpoena to Runway. DCWP issued the subpoena because of the false complaints made by Mazzio.

39.     Runway challenged that determination in an Article 78 proceeding and State Court Justice Debra James annulled that determination as irrational and directed the DCWP to use its "*discretion*" to impose a lesser more proportionate penalty. The DCWP ignored that and successfully reversed that decision on appeal. Runway was not aware at that time that the DCWP was being influenced by the bribery and the corruption of public officials. As a result of that reversal, Runway lost its license and all attempts at resolution failed.  The DCWP was not willing to resolve Runway's licensure issue by payment of a fine or a reasonable suspension even though the penalty of non-renewal was disproportionate to the violations alleged. As a result, Runway's license was not renewed, and it is out of business and has ceased to operate.

40.     All of the overcharges the DCWP found based on its review of Runway's records amounted to less than $6,000 and should never have resulted in the non-renewal of Plaintiff's license. They should have been resolved by the payment of a fine. Runway was never afforded a hearing for any of the purported violations. But for the actions of the indicted Defendants, and the corruption of public officials, the Plaintiff would not have lost its license.

41.     Even though State Court Judge Debra James annulled the DCWP's determination of non-renewal, the DCWP refused to adopt alternate penalties proposed by Judge James, refused all attempts at mediation, and instead had that determination reversed on appeal.

42.     If that were not enough, the owner of Runway applied for a tow truck operating license for its brand-new unrelated collision and repair shop in March 2023, but the DCWP blocked that application as well. This denial is tied into the bribery and corruption of public officials employed by the city and represents a lifetime ban on Runway and its owner(s) from forever holding a DCWP license.

43.     The City Defendants knew or should have known that Mazzio and Ulrich through bribery and corruption of public officials, were behind the movement to ensure that Runway lost its license, that the DCWP would never comply with the Court's determination, and that the DCWP would ban Runway from ever having a license.

**DEFENDANTS ENGAGED IN VIOLATIONS OF THE**
**CIVIL RACKETEER  INFLUENCE AND CORRUPT ORGANIZATIONS ACT**
**18 U.S.C § 1961 ET. SEQ**

44.     This action is also brought pursuant to 18 U.S.C. § 1961 et. seq., known as the Civil Racketeer Influenced and Corrupt Organizations Act, ("RICO") and violation of Section18 U.S.C. § 1962(c) against Defendant Mike Mazzio, Mike's Towing, and Eric Ulrich, in furtherance of and or maintaining a racketeering enterprise, which has caused damages to the Plaintiff.

45.    The Defendants through bribery, corruption, the use of fake complaints, colluded with each other, to cause Runway to lose its license so that it would lose its permit to operate its tow truck business.

46.    As set forth in this complaint, Mazzio, Mikes Towing and Ulrich, are members of the racketeering enterprise in violation of RICO.

47.    The enterprise overcharges consumers, businesses and insurance companies through illegal means and such overcharges and illegal means have resulted in the loss of non-renewal of the enterprise's license and resulted in two indictments in the last four years against Mazzio and Mike's Towing for violations of the Penal Law.

48.    Upon information and belief, the Defendants conspired and colluded with each other through improper means to kick Runway off the highways. The DCWP because of Mazzio and Ulrich's influence, abused its discretion in denying Runway's license application.

49.    When the DCWP refused to renew Runway's license application, Mazzio and Ulrich achieved their goal of kicking Runway off the highways, and of eliminating Runway as a competitor of Mike's Towing.

50.    The Defendants achieved their goal of terminating Runway's exclusive permit to provide roadside assistance and towing services on seven (7) segments of the New York City Arterial Tow Program.

## **THE PERMIT**

51.    The New York City Police Department ("NYPD") entered into a contract with Runway to aid the NYPD and permit Runway the exclusive right to provide towing services on seven (7) Arterial Highways in the City of New York.

52.     As a result of the Defendants' actions, including bribery and the corruption of public officials, the NYPD's permit has been terminated and Runway lost its business including servicing seven (7) segments of the Arterial tow program, its contract with the Port Authority servicing JFK and LaGuardia Airports, and all its other contracts for towing vehicles.

## THE NEW YORK CITY DEPARTMENT OF CONSUMER AND WORKER PROTECTION

53.     Defendant, Vilda Vera Mayuga, is the Commissioner of the New York City Department of Consumer and Worker Protection ("Commissioner Mayuga") and licenses towing companies in the City of New York.

54.     Defendant New York City Department of Consumer and Worker Protection ("DCWP") licenses towing companies in the City of New York.

55.     At all relevant times, since approximately 2018, the DCWP, upon information and belief, knew or should have known, that Mazzio and Ulrich were bribing or exercising influence on the mayor's office and on the DCWP, to terminate Runway's license and knew or should have known that without a valid operating license, Runway's permit with the NYPD would be terminated.

56.     That at all relevant times, upon information and belief, Mazzio and Ulrich, through improper means, caused an investigatory subpoena to be issued by the DCWP.

57.     That at all relevant times, Commissioner Mayuga, her predecessor and the DCWP, at the insistence and request of Mazzio and Ulrich "slow walked" Runway's tow application submitted in April 2021, so that it could deny the application, "four months later", in August 2021, without an evidentiary hearing and without notice and an opportunity to be heard before an administrative judge.

58.     That at all relevant times, Commissioner Mayuga and her predecessor and the DCWP, upon information and belief, knew Mazzio and Ulrich were behind the movement to discredit Runway and remove it from the Highways.

59.     That at all relevant times Commissioner Mayuga and her predecessor and the DCWP, upon information and belief knew or should have known that the Final Determination denying Runway's renewal application was the product of corruption and undue influence.

60.     That at all relevant times, the DCWP's exercise of discretion was bought and paid for by Mazzio and Ulrich.

61.     Defendant Commissioner Mayuga and her predecessor executives at the DCWP are culpable for their collusion and conspiracy with Defendants Mazzio and Ulrich to the detriment of and which caused the destruction of Runway's business.

62.     As set forth in the complaint, as part of their racketeering activity, the Defendants Mazzio and Ulrich engaged in multiple instances of bribery involving violations of the Penal Law.

63.     Upon information and belief, the DCWP granted Mike Mazzio's company authorization to tow vehicles from New York City Highways during a snowstorm, even though Mazzio and his company, Mike's Towing, were indicted and under investigation and had no license.

## **DEFENDANTS CIVIL RIGHTS VIOLATIONS**

64.     Upon information and belief, Mazzio, and Ulrich worked behind the scenes in order to influence the DCWP's investigation of the Plaintiff, as well as the outcome of the Plaintiff's renewal application, and the resolution of Runway's Article 78 Proceeding.

65.     Upon information and belief, Mazzio, and Ulrich through bribery and the corruption of public officials purchased the DCWP's discretion and influenced the DCWP not to

resolve the alleged violations by appropriate penalty[7]. As a result, the investigation of Runway was a sham.

66.     As a direct result of Mazzio, Ulrich, and the DCWP's actions, the Plaintiff's rights were prejudiced by corruption.

67.     As a direct result, Plaintiff has been injured in its business and property. In violation of 42 U.S.C. § 1985, Defendants conspired to violate the provisions of 42 U.S.C. § 1943, in that beginning no later than December 2018 and continuing at least approximately until today, they knowingly agreed and conspired together and with others to deprive the Plaintiff of its civil rights, of due process and equal protection of the laws, resulting in the loss of Plaintiff's business.

68.     By reason of the foregoing, hereinafter mentioned, Plaintiff has been damaged in an amount to be determined at trial but anticipated to be no less than $100,000,000.00 plus punitive damages in the amount of $50,000,000.00, prejudgment and post-judgment interest, cost, and attorneys' fees.

## FIRST CAUSE OF ACTION
## TORTIOUS INTERFERENCE AGAINST MICHAEL MAZZIO, MIKE'S HEAVY DUTY TOWING, INC., AND ERIC ULRICH.

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "68" of the complaint with the same force and effect as if more fully set forth at length herein.

70.     The Plaintiff entered into contracts with government agencies that required that Runway maintain a fleet of 40 tow trucks and storage facilities and employ over 40 families.

---

[7] On October 2, 2023, Mazzio pled guilty to bid rigging, a crime and was penalized $9,000. Runway was found by the DCWP to have overcharged consumers $4.99 for the use of a credit card and lost its license and its business.

71.    That from January 1, 2004, to February 2022, and at all times hereinafter mentioned, Plaintiff had a valid operating license from Defendant DCWP.

72.    That from January 1, 2018, to January 2023, and at all times hereinafter mentioned, Plaintiff had a permit from the New York Police Department (herein "NYPD"), to provide exclusive towing services on seven (7) Arterial Highways in New York City.

73.    That from at least, February 2018, each of the Defendants engaged in a conspiracy and pattern of illegal conduct to terminate Runway's license and permit with the NYPD.

74.    That on or about January 2021, the Plaintiff's renewal license was denied by the DCWP because of the direct actions of each of the Defendants involving bribery and corruption.

75.    Plaintiff had valid contracts with each of the NYPD, the Port Authority of New York, and New Jersey (PANYNJ), and the Metropolitan Transit Authority (MTA).

76.    The Defendants had knowledge of each of the contracts.

77.    As a result of Defendant's conduct, each of the NYPD, the PANYNJ, and the MTA terminated their contracts with Plaintiff.

78.    The Defendants' conduct was wrongful and interfered with the Plaintiff's contracts with each of the NYPD, the PANYNJ, and the MTA.

79.    As a direct and proximate result of Defendants Mazzio, Ulrich, Commissioner Mayuga, and the DCWP's willful acts conducted with malice and fraud, Plaintiff has been injured in its business and property as more fully stated in this Complaint.

80.    The loss of Plaintiff's business is the injury Plaintiff sustained.

81.    Plaintiff is entitled to recover economic damages, punitive damages, and the costs of this action, including reasonable attorney's fees.

82.     By reason of the foregoing, Plaintiff has been damaged in a sum to be determined at trial but anticipated to be no less than $100,000,000.00 plus punitive damages in the amount of $50,000,000.00, prejudgment and post-judgment interest, cost, and attorneys' fees.

### SECOND CAUSE OF ACTION
### INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
### AGAINST MICHAEL MAZZIO, MIKE'S HEAVY DUTY TOWING, INC., AND ERIC ULRICH.

83.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "82" of the complaint with the same force and effect as if more fully set forth at length herein.

84.     That from January 1, 2018, to January 31, 2023, and at all times hereinafter mentioned, the Plaintiff had a business relationship with the NYPD, PANYNJ, and the MTA for the towing and storage of motor vehicles generating revenue of 10 million per year.

85.     That from at least February 2018, each of the Defendants knew about the business relationship Plaintiff had with the NYPD, PANYNJ, and the MTA.

86.     That from at least February 2018, each of the Defendants intentionally interfered with those relationships by spreading lies about the Plaintiff, by filing false complaints about the Plaintiff, by filing frivolous RICO claims against the Plaintiff, by bribing public officials, and engaging in conspiracy to terminate Plaintiff's business relationships.

87.     The Defendants' conduct was improper and involved illegal means involving bribery and corruption.

88.     As a direct and proximate result of Defendants' willful and intentional acts, Plaintiff has been injured in its business and property as fully stated in this Complaint.

89.     The loss of Plaintiff's business is the injury Plaintiff sustained.

90.    Plaintiff is entitled to recover economic damages, punitive damages, and the costs of this action, including reasonable attorneys' fees.

91.    By reason of the foregoing, Plaintiff has been damaged in a sum to be determined at trial but anticipated to be no less than $100,000,000.00 plus punitive damages in the amount of $50,000,000.00, prejudgment and post-judgment interest, cost, and attorneys' fees.

**THIRD CAUSE OF ACTION**
**RELIEF FOR NEGLIGENCE AGAINST THE NEW YORK**
**CITY DEPARTMENT OF CONSUMER AND WORKER PROTECTION,**
**VILDA VERA MAYUGA, AS THE COMMISSIONER OF THE NEW YORK**
**CITY DEPARTMENT OF CONSUMER AND WORKER PROTECTION,**
**AND THE CITY OF NEW YORK**

92.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "91" of the complaint with the same force and effect as if more fully set forth at length herein.

93.    The New York City Department of Consumer and Worker Protection, ("DCWP") breached its duty of care to the Plaintiff in wrongfully denying Runway's renewal application. The denial of Runway's license was the product of corruption and undue influence and was the cause of the destruction of its business.

94.    That from January 1, 2004, to 2022, Runway and at all times hereinafter mentioned, Plaintiff, had a valid operating license from Defendant, DCWP.

95.    That from January 1, 2004, to February 2022, Plaintiff Runway conducted its business pursuant to its operating license, with the full consent and permission of the DCWP. The DCWP had a duty of care to the Plaintiff to faithfully exercise its discretion in renewing Runway's license.

96.     That since at least February 2018, each of the Defendants engaged in a conspiracy and pattern of illegal conduct to terminate Runway's license in order to remove Runway from the highways and to regain control of the highways for Mazzio's trucking company, Mike's Towing.

97.     That Defendant DCWP was careless, reckless, and negligent in the discharge of its duties in that it commenced an investigation of Runway based upon the complaints of an indicted competitor of Runway, in that its determination not to renew Runway's license was influenced by corruption and illegal activity, in that it failed to issue appropriate penalties because of corruption and undue influence, in that its discretion was influenced by corruption and illegal activity, in that the Defendant failed to exercise due care in the administration of justice, and that in other ways the DCWP conducted the operation of its agency in a careless and negligent manner.

98.     Defendant DCWP, its agents, servants, and or employees were further negligent and reckless in denying Runway's tow operator's license as a result of undue influence of the indicted Defendants, Mazzio and Ulrich.

99.     The Defendants DCWP's actions were reckless and showed a gross disregard for the rights of the Plaintiff.

100.    As a result of the aforesaid, Plaintiff demands judgment against Defendants in amounts commensurate with the injuries and damages sustained herein, altogether with the costs and disbursements of this action in an amount to be determined at trial.

101.    As a result of Defendant DCWP's reckless and careless conduct, Plaintiff is entitled to punitive damages in amounts commensurate with the injuries and damages sustained herein altogether with the costs and disbursements of this action, in an amount to be determined at trial.

102. By reason of the foregoing, Plaintiff has been damaged in a sum to be determined at trial but anticipated to be no less than $100,000,000.00 plus punitive damages in the amount of $50,000,000.00, prejudgment and post-judgment interest, cost, and attorneys' fees.

### FOURTH CAUSE OF ACTION
### DEFAMATION AGAINST MICHAEL MAZZIO,
### MIKE'S HEAVY DUTY TOWING, INC., AND ERIC ULRICH

103. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "102" of the complaint with the same force and effect as if more fully set forth at length herein.

104. The Defendants, Mazzio and Ulrich, from 2018 to 2022, published false information about the Plaintiff that harmed Plaintiff's reputation.

105. On or about December 26, 2019, Mazzio, Mike's Towing, and their attorneys, used the U.S. Mail to falsely advise the Commissioner of the NYPD that Runway was overcharging thousands of consumers and businesses millions of dollars and that the NYPD should stop Runway from overcharging consumers.

106. Mazzio and Ulrich through their attorney published false statements about the Plaintiff in its license renewal application to the DCWP and in all court proceedings it had with the DCWP. Indeed, its principal defense in the proceedings was that Runway overcharged consumers and businesses millions of dollars, not Mike's Towing. That statement is false, and Runway has never been adjudged to have overcharged consumers and businesses millions of dollars.

107. The Defendants through their attorneys falsely accused Runway of overcharging consumers in filing three RICO cases against Runway which were dismissed.[8]

---

[8] *Abbey et al v. Runway et al* – Docket No. 19-CV-07116; *Bavaro et al v. Runway et al* – Index No. 717940/2022; and *Bavaro et al v. Runway et al* – Index No. 653444/2022.

108.    On or about December 26, 2019, Mazzio, Mike's Towing, and its attorneys wrote to Mike Tiger, Caitlin Gillies, Tamala Boyd of the DCWP, through the use of the U.S. mail, falsely accusing Runway of not paying the wages required by law to its employees and of overcharging consumers and businesses millions of dollars.

109.    On or about January 25, 2020, former New York City Department of Consumer Affairs Commissioner, Lorelei Salas was falsely advised by Mazzio, Mike's Towing, and its attorneys in writing through the U.S. mail that Runway was overcharging consumers millions of dollars and towing vehicles in Staten Island to Runway's towing facility in Ozone Park Queens.

110.    On or about January 25, 2020, Mike's Towing, Mazzio and their attorneys falsely advised former NYPD Commissioner Dermot Shea that Runway was overcharging consumers and provided him a copy of an article published in the Staten Island Advance in an effort to discredit Runway.

111.    On or about January 25, 2020, Mike's Towing, Mazzio, and its attorneys falsely claimed in writing through the U.S. Mail, Runway was overcharging consumers millions of dollars in letters to former Council members Rafael L. Espinal, Jr., Brad Lander, Joseph Borelli, a member of the City Council Transportation Committee, and Consumer Affairs Committee, Justin Brannan, Karen Koslowitz, Peter Koo, Keith Powers, Margaret Chin, and Steven Matteo, all council members.

112.    On or about January 25, 2020, former New York City Department of Consumer Affairs Commissioner, Lorelei Salas was falsely advised in writing through the U.S. mail that Runway was overcharging consumers millions of dollars and towing vehicles in Staten Island to Runway's towing facility in Ozone Park Queens.

113.    The Defendants' actions were done with knowledge that the statements made were false.

114.    The Defendants' actions were intentional and showed a gross disregard for the rights of the Plaintiff.

115.    As a result of the aforesaid, Plaintiff demands judgment against the Defendants in amounts commensurate with the injuries and damages sustained altogether with the costs and disbursement of this action in an amount to be determined at trial.

116.    By reason of the foregoing, Plaintiff has been damaged in a sum to be determined at trial but anticipated to be no less than $100,000,000.00 plus punitive damages in the amount of $50,000,000.00, prejudgment and post-judgment interest, cost, and attorneys' fees.

**FIFTH CAUSE OF ACTION**
**PURSUANT TO RELIEF FOR CIVIL RACKETEER INFLUENCED AND**
**CORRUPT ORGANIZATIONS ACT, 18 U.S.C. § 1961, ET. SEQ. ("RICO") VIOLATION**
**OF SECTIONS 18 U.S.C. § 1962 (C), AGAINST MICHAEL MAZZIO, MIKE'S HEAVY**
**DUTY TOWING, INC., AND ERIC ULRICH**

117.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "116 of the complaint with the same force and effect as if more fully set forth at length herein.

118.    The RICO statutes 18 U.S.C. § 1962(c) and (d), provide a civil cause of action to persons injured in their business or property because of the Defendant's operation of or conspiracy to operate an enterprise through a pattern of racketeering activity.

119.    The Plaintiff is a person as defined in 18 U.S.C. § 1961 (3) and 18 U.S.C. § 1962 (c).

120.    Defendants are each a "person" as defined in 18 U.S.C. § 1961 (3) and 18 U.S.C. § 1962(c).

121.    Upon information and belief, Defendant Mazzio, Mike's Towing and Ulrich, were employed by and /or associated with an enterprise to conduct or participate directly or indirectly in the conduct of the enterprise's affairs through a pattern of racketeering activity.

122.    Defendant Mazzio and Mike's Towing are part of the enterprise whose activities affect interstate commerce or are associated with the enterprise.

123.    The activities of the enterprise include overcharging consumers and businesses for the towing, storage, and repair of disabled vehicles on the highways and roadways of New York City and bribing public officials.

124.    Upon information and belief, the Defendants, in furtherance of their illegal bribery scheme, committed multiple acts of wire fraud, mail fraud, and interference with interstate commerce.

125.    On or about December 26, 2019, Mazzio, Mike's Towing, and its attorneys used the U.S. mails to advise the Commissioner of the NYPD that Runway was overcharging thousands of consumers and businesses millions of dollars and that the NYPD should stop Runway from overcharging consumers.

126.    That letter falsely stated that "this is a serious issue amounting to millions of dollars in overcharges by the NYPD's exclusive towing company."

127.    On January 6, 2020, the NYPD acknowledged receipt of a frivolous lawsuit filed against Runway on behalf of the Defendants by their attorneys. Annexed as **Ex. D** is the acknowledgement from the NYPD.

128.    On or about December 26, 2019, Mazzio, Mike's Towing, and their attorneys wrote to Mike Tiger, Caitlin Gillies, Tamala Boyd of the DCWP, through the use of the U.S. mail, falsely

accusing Runway of not paying the wages required by law to its employees and of overcharging consumers and businesses millions of dollars.

129.    On or about January 25, 2020, former New York City Department of Consumer Affairs Commissioner, Lorelei Salas, was falsely advised in writing through the U.S. mail that Runway was overcharging consumers millions of dollars and towing vehicles in Staten Island to Runway's towing facility in Ozone Park Queens.

130.    On or about January 25, 2020, Mike's Towing, Mazzio and their attorneys falsely advised former NYPD Commissioner Dermot Shea that Runway was overcharging consumers and provided him a copy of an article published in the Staten Island Advance in an effort to discredit Runway.

131.    On or about January 25, 2020, Mike's Towing, Mazzio, and their attorneys falsely claimed in writing through the U.S. Mail, Runway was overcharging consumers millions of dollars in letters to former Council members Rafael L. Espinal, Jr., Brad Lander, Joseph Borelli, a member of the City Council Transportation Committee, and Consumer Affairs Committee, Justin Brannan, Karen Koslowitz, Peter Koo, Keith Powers, Margaret Chin, and Steven Matteo, all council members.

132.    The acts of bribery, mail fraud, wire fraud, enterprise corruption, overcharging consumers, insurance fraud, bid rigging, filing frivolous lawsuits, and interference with interstate commerce set forth above constitute a pattern of racketeering activity and conspiracy pursuant to 18 U.S.C. § 1961(5).

133.    The association of Ulrich, Mazzio, Mike's Towing, and other individuals constituted an enterprise whose principal activity included overcharging consumers in the towing

of vehicles within the meaning of 18 U.S.C. § 1962(c) (the "Enterprise") which engaged in and whose activities affected interstate and foreign commerce.

134.    The Enterprise was continuous in that it lasted for more than two (2) years, had an ascertainable structure, and acted in ways distinct from the predicate offenses alleged by Plaintiff.

135.    Defendants are each a person with the meaning of 18 U.S.C. § 1961(3) and separate from the enterprise.

136.    Sections 18 U.S.C. § 1962(c) provide that, "it shall be unlawful for any person employed by or associated with any enterprise engaged in, or in activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." Section 1962 (d) makes it unlawful for a person to conspire to violate any provision of 18 U.S.C. § 1962. *See* also, 18 U.S.C. § 1962 (b).

137.    As a result of Mazzio's and Ulrich's predicate acts including bribery, bid rigging, and corruption, the DCWP's discretion was purchased and or influenced and caused the Plaintiff to lose its license.

138.    The precise role each Defendant played is known only to the Defendants at this time. Such information and evidence concerning their participation is exclusively in the possession and knowledge of Defendants.

139.    The Defendants have directly and indirectly conducted and participated in the conduct of the enterprise affairs through the pattern of racketeering activity described above, in violation of 18 U.S.C. § 1962(c).

140.    As a direct and proximate result of Defendants Mazzio, and Ulrich racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiff has been injured in its business and property as fully stated in this complaint.

141.    Upon information and belief, the Defendants are each a culpable person, who conduct the enterprise which affects interstate commerce, through a pattern of racketeering activity, which has caused injury to Plaintiff through the violation of the Civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961, et. seq.

142.    Upon information and belief, Mazzio, and Ulrich, have engaged in at least two (2) acts of violations of the Civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961, et. seq., in the past ten (10) years.

143.    Upon information and belief, Mazzio and Ulrich, have established a scheme to defraud Plaintiff out of its towing contracts for towing services on New York City Arterial Highways.

144.    By reason of the foregoing, Plaintiff has been damaged in a sum to be determined at trial but anticipated to be no less than $100,000,000.00 plus punitive damages in the amount of $50,000,000.00, prejudgment and post-judgment interest, cost, and attorneys' fees.

**SIXTH CAUSE OF ACTION**
**FOR RELIEF PURSUANT TO CIVIL RACKETEER INFLUENCED**
**AND CORRUPT ORGANIZATIONS ACT, 18 U.S.C. § 1961, ET. SEQ. ("RICO")**
**VIOLATION OF SECTIONS 18 U.S.C. § 1962(A) AND 18 U.S.C. § 1962(C), AGAINST**
**MICHAEL MAZZIO, MIKE'S HEAVY DUTY TOWING, INC., AND ERIC ULRICH**

145.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "144" of the complaint with the same force and effect as if more fully set forth at length herein.

146.    Sections 18 U.S.C. § 1962(a), and § 1962 (c) of the RICO statute, provides a civil cause of action to persons associated with any enterprise engaged in their business or property to operate an enterprise through a pattern of racketeering activity.

147.    Defendants Mazzio and Ulrich are defined as "persons" in 18 U.S.C. § 1962(c) who engaged in and were in associated with an enterprise whose activities affected interstate commerce and received income, directly or indirectly, from a pattern of racketeering activity in interstate commerce.

148.    In violation of 18 U.S.C. § 1962(a), the Defendants conspired to violate the provisions of 18 U.S.C. § 1961.

149.    Defendants Mazzio, Mike's Towing and Ulrich used the income derived from the pattern of racketeering activity to further the enterprise and the racketeering activity.

150.    As a direct result of Defendants Mazzio, Mike's Towing and Ulrich's engaging in racketeering activities and in violation of 18 U.S.C. § 1962(a), Plaintiff has been injured in its business and property.

151.    None of the Defendants have withdrawn or otherwise disassociated themselves.

152.    Plaintiff is entitled to recover treble damages and the costs of this action, including reasonable attorney's fees, under the provisions of 18 U.S.C. §1962(c).

153.    By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial but anticipated to be no less than $100,000,000.00, plus punitive damages in the amount of $50,000,000.00 treble damages pre-judgment and post-judgment interest, costs, disbursements, and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**FOR RELIEF PURSUANT TO CIVIL RACKETEER INFLUENCED**
**AND CORRUPT ORGANIZATIONS ACT, 18 U.S.C. § 1961 , ET. SEQ. ("RICO")**
**VIOLATION OF RICO SECTION 18 U.S.C. § 1962(D) AGAINST MICHAEL MAZZIO,**
**MIKE'S HEAVY DUTY TOWING, INC., AND ERIC ULRICH**

154.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "153" of the complaint with the same force and effect as if more fully set forth at length herein.

155.    Section 1962 (d) makes it unlawful for a person to conspire to violate any provision of 18 U.S.C. § 1962.

156.    The Defendants Mazzio, Mike's Towing, and Ulrich conspired to violate each of the provisions of 18 U.S.C. § 1961 et. seq.

157.    As a result of the conspiracy, Mazzio and Ulrich bribed and influenced the DCWP not to renew Runway's license and caused the injury Runway complains of.

158.    The Defendants conspired to violate the provisions of 18 U.S.C. §§ 1962 (c) and 1962 (d) in that beginning no later than December 2018, and continuing at least approximately until today, they knowingly agreed and conspired together and with others to conduct or participate, directly or indirectly in the affairs of an enterprise, through the pattern of racketeering activity described above. The whole purpose of the conspiracy was to allow the enterprise to overcharge consumers in towing vehicles and to destroy the Plaintiff's business through illegal means of bribery and corruption. The enterprise could not have occurred without the consent and knowingly consent of Defendant DCWP Commissioner Mayuga and her predecessor, other Defendants and other conspirators.

159.    The loss of Plaintiff's business is the injury Plaintiff sustained.

160.    By reason of the foregoing, Plaintiff has been damaged in a sum to be determined at trial but anticipated to be no less than $100,000,000.00 plus punitive damages in the amount of $50,000,000.00, prejudgment and post-judgment interest, cost, and attorneys' fees.

**EIGHTH CAUSE OF ACTION**
**CIVIL CONSPIRACY AGAINST DEFENDANTS**
**MICHAEL MAZZIO, MIKE'S HEAVY DUTY TOWING, INC., ERIC ULRICH, THE NEW YORK CITY DEPARTMENT OF CONSUMER AND WORKER PROTECTION, VILDA VERA MAYUGA, AS THE COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF CONSUMER AND WORKER PROTECTION AND THE CITY OF NEW YORK.**

161.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "160" of the complaint with the same force and effect as if more fully set forth at length herein.

162.    There was an agreement between two or more parties, including two or more of the Defendants.

163.    The agreement between two or more parties, including two or more of the Defendants, including an agreement that the DCWP not renew the Plaintiff's operating license and not agree to offer appropriate penalties to the Plaintiff which caused Plaintiff the loss of its license and its business.

164.    There was an overt act in furtherance of the agreement between two or more parties, including, two or more of the Defendants.

165.    The overt acts in furtherance of the agreement between two or more Defendants include bribery, corruption, and the purchase of the DCWP's discretion.

166.    The Defendants participated in the plan to ensure that Plaintiff did not receive a tow operator license or any other appropriate penalty, such as the payment of appropriate penalties.

167. The Defendants participated in the plan to ensure that Mike's Towing received permission to operate on the arterial highways during a snowstorm.

168. The Plaintiff was damaged as a result of the civil conspiracy among all of the Defendants.

169. By reason of the foregoing, the Plaintiff has been damaged in an amount to be determined at trial, but anticipated to be no less than $100,000,000, plus punitive damages in the amount of $50,000,000.00, prejudgment and post-judgment interest, cost, and attorneys' fees.

**NINTH CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS**
**AGAINST THE NEW YORK CITY DEPARTMENT OF CONSUMER AND WORKER**
**PROTECTION, VILDA VERA MAYUGA, AS THE COMMISSIONER OF THE NEW**
**YORK CITY DEPARTMENT OF CONSUMER AND WORKER AND**
**THE CITY OF NEW YORK**
**UNDER 42 U.S. CODE §§ 1983, 1985.**

170. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "169" of the complaint with the same force and effect as if more fully set forth at length herein.

171. 42 U.S.C. § 1983 provides a civil cause of action to persons in their business or property, by reason of the Defendants' deprivation of Plaintiff's civil rights.

172. 42 U.S.C. § 1985 provides a civil action for conspiracy if two other persons conspire to deprive any citizen of the equal protection of the laws.

173. Upon information and belief Defendants Mazzio, Mikes Towing, Ulrich, Commissioner Mayuga of the DCWP, and the DCWP engaged in a conspiracy and pattern of illegal conduct including bribery of a public official for the purpose of depriving the Plaintiff of the equal protection of the laws.

174.    Defendants Mazzio, Ulrich, Commissioner Mayuga of the DCWP, and the DCWP, agreed to and participated in a conspiracy and conduct through bribery and corruption which deprived the Plaintiff of "due process."

175.    Upon information and belief, Mazzio and Ulrich conspired with the DCWP in order to influence the DCWP's investigation of the Plaintiff and the outcome of the Plaintiff's renewal application.

176.    Upon information and belief, Mazzio, and Ulrich bribed or influenced the DCWP and purchased its discretion. The resolution of Article 78 proceeding was a sham.

177.    As a direct result of Mazzio, Ulrich, and the DCWP's actions, the Plaintiff's rights were prejudiced by corruption.

178.    As a direct result, Plaintiff has been injured in its business and property. In violation of 42 U.S.C. § 1985, Defendants conspired to violate the provisions of 42 U.S.C. § 1943, in that beginning no later than December 2018 and continuing at least approximately until today, they knowingly agreed and conspired together and with others to deprive the Plaintiff of its civil rights, of due process and equal protection of the laws, resulting in the loss of Plaintiff's business.

179.    By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial but anticipated to be no less than $100,000,000.00 plus punitive damages in the amount of $50,000,000.00, prejudgment and post-judgment interest, cost, and attorneys' fees.

## JURY DEMAND

180.    Plaintiff demands a trial by jury on all issues triable by a jury.

**WHEREFORE**, Plaintiff demands judgment against Michael Mazzio, Mikes Heavy Duty Towing, Inc., Eric Ulrich, The New York Department of Consumer and Worker Protection, Vilda

Vera Mayuga, as the Commissioner of the Department of Consumer and Worker Protection and The City of New York on the following:

A. On the First Cause of Action Claim for relief for tortious interference against Michael Mazzio, Mike's Heavy Duty Towing, Inc., and Eric Ulrich in an amount to be determined at trial, anticipated to be no less than $100,000,000.00, plus punitive damages in the amount of $50,000,000.00 for pre-judgment and post-judgment interests, including costs and attorney's fees.

B. On the Second Cause of Action Claim for relief for Interference with Prospective Economic Advantage against Michael Mazzio, Mike's Heavy Duty Towing, Inc., and Eric Ulrich in an amount to be determined at trial, anticipated to be no less than $100,000,000.00, plus punitive damages in the amount of $50,000,000.00 for pre-judgment and post-judgment interests, including costs and attorney's fees.

C. On the Third Cause of Action Claim for relief for Negligence, against The New York City Department of Consumer and Worker Protection, Vilda Vera Mayuga, as The Commissioner of the New York City Department of Consumer and Worker and the City Of New York in an amount to be determined at trial, anticipated to be no less than $100,000,000.00, plus punitive damages in the amount of $50,000,000.00 for pre-judgment and post-judgment interests, including costs and attorney's fees.

D. On the Fourth Cause of Action Claim for Defamation, against Michael Mazzio, Mike's Heavy Duty Towing, Inc., and Eric Ulrich in an amount to be determined at trial, anticipated to be no less than $100,000,000.00, plus punitive damages in the amount of $50,000,000.00 for pre-judgment and post-judgment interests, including costs and attorney's fees.

E. On the Fifth Cause of Action Claim for relief in violation of Civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et. seq. ("RICO") violation of

Section 18 U.S.C. 1962(c) against Michael Mazzio, Mike's Heavy Duty Towing, Inc., and Eric Ulrich, in an amount to be determined at trial, anticipated to be no less than $100,000,000.00, plus punitive damages in the amount of $50,000,000.00 for pre-judgment and post-judgment interests, including costs and attorney's fees.

F.   On the Sixth Cause of Action claim for relief pursuant to Civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et. seq. ("RICO") violation of Section 18 U.S.C. § 1962 (a) and punitive damages, 18 U.S.C. § 1962 (c), against Michael Mazzio, Mike's Heavy Duty Towing, Inc., and Eric Ulrich, in an amount to be determined at trial, anticipated to be no less than $100,000,000.00, plus punitive damages in the amount of $50,000,000.00 for pre-judgment and post-judgment interests, including costs and attorney's fees.

G.   On the Seventh Cause of Action claim for relief for violation of Civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et. seq. ("RICO") violation of Section 18 U.S.C. 1962 (d) against Michael Mazzio, Mike's Heavy Duty Towing, Inc., and Eric Ulrich, in an amount to be determined at trial, anticipated to be no less than $100,000,000.00, plus punitive damages in the amount of $50,000,000.00 for pre-judgment and post-judgment interests, including costs and attorney's fees.

H.   On the Eighth Cause of Action Claim for Civil Conspiracy against Defendants Michael Mazzio, Mikes Heavy Duty Towing, Inc., Eric Ulrich, The New York City Department of Consumer and Worker Protection, Villa Vera Mayuga, as the Commissioner of the New York City Department of Consumer and Worker Protection and The City of New York, in an amount to be determined at trial, anticipated to be no less than $100,000,000.00, plus punitive damages in the amount of $50,000,000.00 for pre-judgment and post-judgment interests, including costs and attorney's fees.

I.   On the Ninth Cause of Action Claim for violation of Civil Rights against the New York City Department of Consumer and Worker Protection and Vilda Vera Mayuga, as the Commissioner of the New York Department of Consumer and Worker Protection under 42 U.S. Code §§ 1983, 1985 in an amount to be determined at trial, anticipated to be no less than $100,000,000.00, plus punitive damages in the amount of $50,000,000.00 for pre-judgment and post-judgment interests, including costs and attorney's fees.

J.   All such other and further relief as the court deems just and proper.

Dated: Southampton, New York
      January 26, 2024

                      Margolin & Pierce, LLP
                      *Attorneys for Plaintiff*

*Errol F. Margolin*
By_____
    Errol F. Margolin, Esq.
16 Hampton Road, Ste 3
Southampton, NY 11968
917-783-5934
margolinandpierce@gmail.com